IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **VICKIE G. MILLS,** | ) | Civil Action No. 7:14-cv-00198 |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | By: Hon. Michael F. Urbanski |
| **CCL, <u>et al.</u>,** | ) | United States District Judge |
| Defendants. | ) | |

## **MEMORANDUM OPINION**

Proceeding *pro se*, plaintiff Vickie G. Mills, filed the instant complaint. Mills also moved to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915(a)(1). The court will grant Mills' motion to proceed *in forma pauperis*. However, after reviewing the complaint, the court concludes that the action must be dismissed for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii) of the Federal Rules of Civil Procedure.

Under 28 U.S.C. § 1915, district courts have a duty to screen initial filings and dismiss a complaint filed *in forma pauperis* "at any time if the court determines that…the action…is frivolous or malicious…[or] fails to state a claim on which relief may be granted…" 28 U.S.C. § 1915(e)(2)(B)(i)-(ii); <u>see also</u> <u>Eriline Co. S.A. v. Johnson</u>, 440 F.3d 648, 656 (4th Cir. 2006) (internal quotations omitted) ("[Section] 1915 permits district courts to independently assess the merits of *in forma pauperis* complaints, and to exclude suits that have no arguable basis in law or fact.").

The court construes *pro se* complaints liberally, imposing "less stringent standards than formal pleadings drafted by lawyers." <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007) (quoting <u>Estelle v. Gamble</u>, 429 U.S. 97, 104-05 (1976)). However, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim of relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570

(2007). Mills' complaint fails to state a legal claim upon which relief may be granted.

Mills' allegations, set forth in an incoherent stream-of-consciousness complaint, involve improper medical care from unidentified employees of defendants, complaints regarding her ex-husband, a request that her son be released from prison, as well as other unintelligible claims. These allegations give no perceptible claim for federal relief. While the pleading rules are less stringent for *pro se* plaintiffs, Mills still must offer some foothold on which defendants could base an answer, or on which the court could base a judgment.

Further, Mills has established no basis for federal jurisdiction. Generally, a case can be originally filed in a federal district court if there is federal question jurisdiction under 28 U.S.C. § 1331 or diversity of citizenship jurisdiction under 28 U.S.C. § 1332. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (citations omitted) ("[The federal courts] possess only that power authorized by [the United States] Constitution or a statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction.")

Accordingly, the court will dismiss Mills' complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to plaintiff.

                Entered: April 25, 2014

                */s/ Michael F. Urbanski*

                Michael F. Urbanski
                United States District Judge